## Mary A. Tillotson v. W. H. Herrick.

1. GUARANTY—*To Pay Rent—What Releases Guarantor.*—Where a tenant moved out of a house held under a lease, and at a conference between the landlord and a son of the tenant, it was considered that the tenant had abandoned the premises and the landlord accepted the son as tenant for the residue of the term, *it was held* that if the tenant acquiesced, the result was a surrender by him, and if not, it was an eviction of him; that in either case the landlord could demise to a new tenant, and that having done so, he could not recover of a guarantor for the original tenant for rent accruing after the original surrender or eviction.

2. RENT—*Payable in Advance—When Obligation to Pay Canceled.*—An eviction of a tenant or a surrender of the premises by him and an acceptance thereof by the landlord, effects, from the date of such eviction or surrender, a cancellation of the obligation to pay rent which has not been earned by occupation of the premises, although due under the terms of a lease requiring payment in advance.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

JULIUS A. JOHNSON, attorney for appellant.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

One James S. Morton was tenant of a dwelling house, under the appellant, and the appellee had guaranteed the payment of the rent.

September 15, 1895, two months' rent was in arrear. Morton, with his wife, had gone to Minneapolis, and it was uncertain whether they would ever return.

A son and daughter of Morton remained in the house. That son, and the parties to this suit then met, and what took place between them as narrated by the different witnesses, may bear the construction that, as between the appellant and that son, it was considered, and upon that basis they acted, that the elder Morton had abandoned the premises, and thereupon the appellant accepted the son as tenant,

for the residue of the term, upon terms of payment which they then agreed upon. If that be the correct construction, and the elder Morton acquiesced, the result was a surrender. by him. Taylor, L. & T., Sec. 512, note 4.

If the elder Morton did not acquiesce, it was an eviction of him. Ibid., Sec. 378.

In either case—surrender or eviction—she could demise to the son. If she did so demise, that is the end of the case, for the appellee was not guarantor for the son, and she has received all the rent earned by the occupation of the premises by the elder Morton up to the time of such surrender or eviction.

Though the rent was payable in advance, and had not been paid, yet such surrender or eviction would cancel the obligation to pay such rent as had not then been earned by occupation of the premises.

She sued upon the guaranty. The question was one of fact as to what bargain she and the son made. The finding of the judge of the Circuit Court is not to be set aside, unless we can see plainly that it is wrong.

The judgment is affirmed.